MEMORANDUM DECISION
James D. Martin filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order declaring an overpayment and which compels the commission either to recalculate the overpayment or to enter an order declaring no overpayment exists.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we deny the requested writ.
Counsel for Mr. Martin has filed objections to the magistrate's decision. Counsel for the commission has filed a response. The case is now before the court for a full, independent review.
Mr. Martin was working as a government employee at Fallsview Psychiatric Hospital when he injured his back. His workers' compensation claim has been recognized for "[h]erniated disc rupture at L4-5; L5 nerve root irritation."
Mr. Martin began receiving temporary total disability compensation ("TTD") at the same time he was receiving benefits until his contract negotiated by Ohio Civil Service Employees Association ("OCSEA") with the state of Ohio.
In the Spring of 1998, the Ohio Bureau of Workers' Compensation ("BWC") requested that the commission declare an overpayment because the BWC viewed the benefits Mr. Martin had received as making him ineligible for temporary total disability compensation during some of the time Mr. Martin had received the TTD compensation.
A district hearing officer granted the motion of the BWC asking that an overpayment be declared. A staff hearing officer affirmed the order, so Mr. Martin filed this mandamus action.
Two primary issues are presented. The first issue is whether the BWC was prevented from seeking an overpayment because four years had elapsed between the TTD compensation payments and attempt of the BWC to have an overpayment declared. We do not believe that R.C. 4123.52 which governs the continuing jurisdiction of the commission prevents the commission from seeking to recover benefits which it alleges were mistakenly overpaid, even if more than two years have elapsed since payment.
The more difficult question is whether Mr. Martin was entitled to receive both TTD compensation and other benefits from the state of Ohio at the same time. Section 34.03 of the contract between OCSEA and the state of Ohio reads:
 Employees may utilize sick leave, personal leave or vacation to supplement Workers' Compensation up to one hundred percent (100%) of the employee's rate of pay.
We believe that Mr. Martin was entitled to receive one hundred percent of his rate of pay under the terms of the contract and that the commission was required to honor the terms of that contract. The record before us indicates that this in fact occurred. The investigator for the BWC requested overpayment only for those days when Mr. Martin received complete payment from sick leave benefits. Thus, an overpayment could be declared for TTD compensation for those days.
As a result, we overrule the objections to the magistrate's decision. We adopt the findings of fact and conclusions of law contained in the magistrate's decision and deny the requested writ of mandamus.
Objections overruled; writ denied.
PETREE and BOWMAN, JJ., concur.